Todd M. Friedman (216752)
tfriedman@toddflaw.com
Adrian R. Bacon (280332)
ari@marcuszelman.com
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Ste 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
abacon@toddflaw.com
Ari Marcus, Esq. (pro hac vice application pending)
Yitzchak Zelman, Esq. (pro hac vice application pending)
yzelman@marcuszelman.com
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
ari@marcuszelman.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTICIA WOODS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>HUNT & HENRIQUES, INC. and JOHN DOES 1-10,<br><br>Defendants. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff ARTICIA WOODS (hereinafter, "Plaintiff"), a California resident, brings this class action complaint by and through his attorneys, The Law Offices of Todd M. Friedman, against Defendant HUNT & HENRIQUES, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of California consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act

("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of California, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a law firm that engages in the business of debt collection with its principal office located at 151 Bernal Road, Suite 8, San Jose, California.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

10. John Does 1-10, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following

consumer class (the "Class"):

- All California consumers who were sent collection letters and/or notice from Defendant attempting to collect an obligation owed that contain at least one of the alleged violations arising from Defendant's violation of 15 U.S.C. §1692 *et seq.*.

- The Class period begins one year to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    - Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A**)**,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

    - There are questions of law and fact which are common to the Class and which predominate over questions affecting any

individual Class member. These common questions of law and fact include, without limitation:

    a.    Whether Defendant violated various provisions of the FDCPA;

    b.    Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

14. Sometime prior to March 5, 2016, an obligation was allegedly incurred to HSBC Bank Nevada, N.A.

15. Sometime prior to March 5, 2016, the above alleged debt was assigned to or sold to LVNV Funding, LLC. ("LVNV")

16. The LVNV obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The alleged LVNV obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

18. LVNV is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

19. Defendant contends that the LVNV debt is past due.

20. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

21. LVNV directly or through an intermediary contracted Defendant to collect the debt.

22. On or about March 5, 2016, the Defendant caused to be delivered to the Plaintiff a collection letter in an attempt to collect the alleged LVNV debt. *See* **Exhibit A.**

23. The March 5, 2016 letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

24. The March 5, 2016 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

25. On information and belief, the March 5, 2016 letter is a computer generated form letter that is prepared for the Defendant and sent to consumers from whom it is attempting to collect a debt.

26. The top portion of the letter states:

"LVNV Funding, LLC v. Articia Woods
 Case Number:  11CF0404
 Date of Judgment:  April 6, 2011
 Amount of Judgment:  $4816.64
 Current Balance:  $6643.13
 (HSBC Bank Nevada, N.A.)"

27. This letter further stated in part:

"The current balance due is $6643.13.  In an effort to settle this matter and limit future collection actions, we will accept a lump sum of $3587.28 as settlement in full of your current obligation."

28. Upon information and belief, there would be no required interest, late charges, or other charges that may vary from day to day.

29. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

30. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

31. On information and belief, Defendant sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of California within one year of the date of this Complaint.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

32. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

33. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(2) and 15 U.S.C. § 1692e(10).

34. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

35. Defendant violated said section by:

- Falsely representing the character or amount of the debt in violation of 15 U.S.C. § 1692e(2);
- Threatening to take action that defendant had no intention or did not have a legal right of taking in violation of 15 U.S.C. § 1692e(5); and
- Using a false or deceptive means in an attempt to collect a debt in violation of 15 U.S.C. § 1692e(10).

36. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

37. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

38. Defendant's debt collection efforts attempted and/or directed towards the

Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g(a)(1)

39. Pursuant to 15 U.S.C. §1692g(a)(1), a debt collector must in their initial communication or within five days thereof properly disclose the amount of the debt.

40. Defendant violated said section by failing to disclose the amount of interest, late fees, or other charges as it relates to the current balance owed, causing the Plaintiff to be uncertain of her rights and leaving her confused about the current total amount she owes.

41. In the Seventh Circuit case of *Miller v. Mcalla, Raymer, Padrick, Cobb, Nichols, and Clark LLC* 214 F.3d 872 (7th Cir. 2000) the court stated safe harbor language ("as of the date of this letter etc. .") to instruct debt collectors how to properly disclose the amount owed in situations where they are charging interest, late fees or other charges. "We hold that the following statement satisfies the debt collector's duty to state the amount of the debt **in cases like this where the amount varies from day to day"** (emphasis added). *Id.*

42. The Defendant wrongfully mirrored that language in this case and as such, the letter cannot be saved by the safe harbor language.

43. By reason thereof, Defendant is liable to Plaintiff for judgment that

Defendant's conduct violated Section 1692g *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ari Marcus, Esq. and Yitzchak Zelman, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

By: <u>s/ Todd M. Friedman</u>
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff